PEARSON, Chief Judge
(dissenting).
Upon an examination of this record I have reached a different conclusion from that reached by the majority. The essential holding in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), has been set forth by the Supreme Court of Florida in Paramore v. State, Fla.1969, 229 So.2d 855 :
“ * * * the United States Supreme Court held a sentence of death could not be carried out if the jury that imposed it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. The decisions of this Court have long been in accord with the holding in the Witherspoon case, supra. See Campbell v. State, Fla., 227 So.2d 873. Opinion Filed June 11, 1969.”
Further, in Paramore the Supreme Court stated that under the law of this state:
“To be disqualified to serve as a juror in the trial of a capital case, the ‘opinions’ of the person must be ‘such as to preclude him from finding any defendant guilty of an offense punishable with death.’ ”
It is my view that the responses of four of the sixteen veniremen who were excluded because of their responses upon questions pertaining to the death penalty were such that they were unlawfully excluded.[1]
In Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969), the Supreme Court pointed out:
“ * * * it is entirely possible that a person who has ‘a fixed opinion against’ or who does not ‘believe in’ capital punishment might nevertheless be perfectly able as a juror to abide by existing law — to follow conscientiously the instructions of a trial judge and to consider *145 fairly the imposition of the death sentence in a particular case.
“It appears, therefore, that the sentence of death imposed upon the' petitioner cannot constitutionally stand under Witherspoon v. Illinois.”
It therefore appears to me that the sentence of death here under review cannot constitutionally stand. I would reverse the sentence.
Appellant’s right to be tried by an impartial jury is so fundamental that (a) objection to the exclusion of the veniremen is not a condition precedent to appellate review of the question and (b) it is not important that the state used only 27 or 28 of the 60 peremptory challenges it might have exercised.

. Veniremen Stewart and Van Buskirk were excused for cause upon the following final question and responses:
‘‘If you are chosen to serve on the jury, and you became convinced after listening to all the testimony and his Honor's charge that the defendants were guilty of the crime as charged — and in Florida a majority of the jurors can recommend mercy — if, when you are in the jury room, and after you have heard the testimony and after you have heard the evidence, and you became convinced in your own mind that the defendants were guilty, but as you looked around the jury room you realized that there were insufficient number to recommend mercy, would you then vote the defendant not guilty”
MR. STEWART: T can’t honestly say, sir.’

MR. VAX BUSKIRK: T really don’t know.’ ”
Venireman Silverman answered “I believe it might” to the question whether his objection to the death penalty would influence his decision in this case. Venireman Green answered “I don’t think so” to the question whether his belief that the death sentence would be excessive in a rape case “would hinder [his] arriving at a just verdict”. Both veniremen were thereupon excused for cause.